IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION |
| v. | ) ) | NO.: 1:06 -01518 (PLF) |
| KEITH RULE, INC, *et al.* | ) ) | |
| Defendants | ) ) | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), respectfully moves this Court for entry of judgment by default against Defendants, Keith Rule, Inc. a/k/a Keith Rule, Incorporated a/k/a Rule Painting & Decorating, an unincorportated entity[1], ("Company") and Greg Rule ("Individual Defendant" and together with Company, "Defendants"), jointly and severally, in the amount of $84,820.63, which includes contributions, interest, liquidated damages, late fees, returned check fees, audit costs and attorneys' fees and costs incurred by the Pension Fund pursuant to 29 U.S.C. §185(a) and 1132(g)(2)(A) through (D), and for injunctive relief.

In support of this Motion, Plaintiff relies upon the allegations in its Complaint, the Declaration of Thomas Montemore[2] and the Declaration of Kent Cprek.[3]

---

[1]   Attached as Exhibit 5 is a Minnesota Business Entity Report which lists the Company as inactive.
[2]   The Declaration of Thomas Montemore ("Montemore Declaration") is attached to this Motion as Exhibit 1. The exhibits referenced in the Montemore Declaration are attached as Exhibits 2-5.

177884_1.DOC

The grounds for this Motion are as follows:

1.  Prior to the commencement of this action, the Plaintiff attempted to resolve this delinquency in an amicable manner.

2.  The requested payments were not received and the Complaint in this matter was filed on August 28, 2006. The Complaint was served on the Greg Rule on October 23, 2006 and on the Company on October 24, 2006 as appears from the Affidavits of Service duly filed with the Court.

3.  No Answer to the Complaint has been filed by the Defendants.

4.  On November 14, 2006, Plaintiff filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R Civ. P. 55(a). A copy was sent via first-class mail, postage prepaid, to the Defendants.

5.  On November 15, 2006, the Clerk of the Court entered default against all Defendants.

6.  Defendants are neither infants nor incompetent people and the Individual Defendant is not in the military service.

**WHEREFORE**, Plaintiff seeks the following relief:

(a)  Judgment entered as set forth in the proposed Order and Judgment attached to this Motion;

---

[3]  The Declaration of Kent Cprek ("Cprek Declaration") is attached to this Motion as Exhibit 6. The exhibit referenced in the Cprek Declaration is attached to this Motion as Exhibit 7.

(b)    Such other and further relief as the Court deems just, necessary and appropriate.

                                                          Respectfully submitted,

                                                          JENNINGS SIGMOND, P.C.

                                       BY:  s/ Kent Cprek
                                              KENT CPREK
                                              Bar No. 478231
                                              SANFORD G. ROSENTHAL
                                              Bar No. 478737
                                              The Penn Mutual Towers, 16th Floor
                                              510 Walnut Street, Independence Square
                                              Philadelphia, PA 19106-3683
                                              (215) 351-0615/0611
                                              Attorneys for the Fund

Date: January 2, 2007
OF COUNSEL:
Jessica L. Tortella
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> KEITH RULE, INC, *et al.* ) <br> ) <br> Defendants ) | CIVIL ACTION <br> NO.: 1:06 -01518 (PLF) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FEDERAL RULE OF <u>CIVIL PROCEDURE 55(b) AGAINST DEFENDANTS.</u>**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), by its legal counsel, submits this Memorandum of Law in Support of its Motion for Judgment by Default.[1]

The Plaintiff served its Complaint on Defendants, Keith Rule, Inc. a/k/a Keith Rule, Incorporated a/k/a Rule Painting & Decorating, an unincorportated entity, ("Company") and Greg Rule ("Individual Defendant" and together with Company, "Defendants"), on October 23, 2006 and October 24, 2006. To date, Defendants have failed to answer the Complaint or otherwise defend this action. On November 14, 2006, Plaintiff filed a Request For Entry of Default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The default was entered against all defendants on or about November 15, 2006.

In light of Defendants' default and Defendants' continuing failure to appear or otherwise

---

[1] Attached to the Motion accompanying this Memorandum is the Declarations of Thomas Montemore ("Montemore Declaration") and Kent Cprek ("Cprek Declaration"). Also attached is a proposed form of Default Judgment.

177884_1.DOC

defend, the Pension Fund is entitled to judgment by default against Defendants without a hearing. Fed. R. Civ. P. 55(b); United States v. De Frantz, 708 F. 2d 310 (7th Cir. 1983); Draisner v. Liss Realty, 211 F. 2d 808 (1954). Moreover, where defendants, such as those here, fail to respond to the Complaint, all factual allegations in the Complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Au Bon Pain Corp. v. Artect, Inc., 653 F 2d 61 (2d Cir. 1981); U.S. ex. Rel. v. Carr, 567 F. Supp. 831, 840 (W.D. MI 1983). General allegations of fact are also deemed true. Danning v. Lavin, 572 F. 2d 1386, 1388-89 (9th Cir. 1978) (allegations of insolvency pled in general terms held sufficient to support a finding of fraudulent conveyance or voidable preference).

Defendants were and have been party to collective bargaining agreements (singly or jointly "Labor Contract") with the various local unions and district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO-CFC ("International" or "Union"). See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, a true and correct copy of relevant provisions from the Labor Contract. Under the Labor Contract, Defendants are required to remit fringe benefit contributions and other sums to Plaintiff. See, Exhibit 1, Montemore Declaration, ¶¶6-7; Exhibit 2, Labor Contract, at Art. XVIII. The failure to pay these fringe benefit contributions and other amounts results in a delinquency to the Plaintiff.

In addition, prior to the commencement of this lawsuit and in settlement of the previous lawsuit and post-judgment delinquencies, the Pension Fund and the Defendants entered into a Settlement Agreement ("Settlement")[2]. Pursuant to the terms of the October 6, 2003 Settlement executed on October 7, 2003, by Individual Defendant, the Pension Fund settled the delinquencies and was to receive payments totaling $70,979.15. Defendants defaulted on the Settlement as a result of their failure to pay the current contributions due. True and correct copies of the October 6, 2003 Settlement Agreement is attached as Exhibit 3.

## ARGUMENT

A.  **ENTRY OF JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

Defendants are parties to a Labor Contract with the Union. See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, Labor Contract. The Labor Contract provides for the payment of contributions to the Pension Fund for time worked by or paid to employees who perform work

---

[2] This is not the first time Company has become delinquent to the Pension Fund. The Pension Fund sued Company and was granted a default judgment in civil action number 02-00672(JDB) (USDC for DC). The parties settled the amounts due to the Pension Fund by entering into a settlement agreement which included judgment and post-judgment amounts due. True and correct copies of the Settlement Agreement are attached as Exhibit 3.
   Greg Rule personally guaranteed the amounts due in the Settlement. Company defaulted on the Settlement and the Pension Fund foreclosed on the property which was used as collateral to secure the Settlement. Rule contacted the Pension Fund and arranged to buy back the property for $60,000 in order to regain ownership of the property, pay off a portion of the debt and agreed to enter into a second settlement agreement with an installment payment plan to repay the remaining amounts due. The Pension Fund received $60,000 on August 8, 2006 and paid the past due contributions from November 2001 through June 2006 and various fees and costs (eg. Insurance, taxes, broker fees, etc.). Defendants refused to sign the second settlement agreement and as such, the Pension Fund filed this lawsuit. A true and correct copy of the unsigned settlement documents is attached as Exhibit 4.

covered by its terms and conditions. See, Exhibit 1, Montemore Declaration, ¶7; Exhibit 2, Labor Contract, at Labor Contract, at Art. XVIII. Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Pension Fund. Ibid. Under the Labor Contract, the Pension Fund also has the right to audit the signatory's payroll books and related records to determine that all of the required contributions have been paid. See, Exhibit 1, Montemore Declaration, ¶¶7, 14; Complaint, Exh. 1; Exh.2, Labor Contract, at Art. XVIII, Sec. 3. Finally, under the terms of the Labor Contract, the employer agrees to be bound by the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement," attached as Exhibit 1 to the Complaint filed in this matter and incorporated by reference) and the International Painters and Allied Trades Industry Pension Plan ("Plan," attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) and by all amendments thereto and actions taken by the trustees of the Pension Fund. See, Complaint, ¶¶ 5-7; Exhibit 1, Montemore Declaration, ¶¶6-7; Exhibit 2, Labor Contract, at Labor Contract, at Art. XVIII, Sec. 1(e).

Furthermore, Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145, provides:

> Every Employer who is obligated to make contributions to a bargained agreement shall … make contributions in accordance with … such agreement.

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515 of ERISA, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Section 502(g)(2) provides for the mandatory

award of the following if a judgment is entered in the Pension Fund's favor pursuant to Section 515:

      A.    the unpaid contributions;

      B.    interest on the unpaid contributions;[3]

      C.    an amount equal to the greater of:

            (i)    interest on the unpaid contributions; or

            (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (a);[4]

      D.    reasonable attorneys' fees and costs of the action, to be paid by the Defendants; and

      E.    such other legal or equitable relief as the court deems appropriate.

Company has defaulted on the Agreement and failed to submit contributions and remittance reports for the period July 2006 through October 2006. See, Exhibit 1, Montemore Declaration, ¶9. As a result, Plaintiff is entitled to judgment in at least the amount of $84,820.63.

    1.    **Defendants owe fringe benefit contributions in at least the amount of $8,332.60**

Defendants have failed to submit the required contributions in the total amount of $8,332.60 for the period July 2006 through October 2006. See, Exhibit 1, Montemore

---

[3] Section 10.12(b)(2) of the Plan sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. See, Complaint, Exhibit 2.

[4] ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. See, Complaint, Exhibit 2. Article VI, Sec. 4 of the Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. See, Complaint, Exhibit 1.

Declaration, ¶9. These amounts are estimated because the Defendants have failed to submit the contractually-required remittance reports. The estimated contributions are calculated by the Pension Fund based on the average of the last three months of remittance reports filed by Company. <u>See</u>, Exhibit 1, Montemore Declaration, ¶10.

    2.    **<u>Defendants owe interest in the amount of $9,935.83</u>**

The rules and regulations as set forth in §10.12(b)(2) of the Plan set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through December 1, 2006 on Defendants' delinquent contributions totals $9,935.83 ($9,831.73 on the defaulted Settlement for contributions from November 2001 through June 2006 and $104.10 on the current estimated unpaid contributions) through December 1, 2006. <u>See</u>, Exhibit 1, Montemore Declaration, ¶11; 29 U.S.C. §1132(g)(2)(B); 26 U.S.C. §6621. Interest will continue to accrue until the amounts are paid.

    3.    **<u>Late charges of $514.16 and Returned Check Fees of $75.00</u>.**

ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendants owe $514.16 in late charges for late fees included in the defaulted Settlement ($470.69) and for partial payments which were submitted late for the period January 2006 through March 2006 ($43.47). Defendants also owe the Pension Fund $75.00 in returned check fees ($25.00 from the defaulted Settlement and $50.00 post-settlement) Montemore Declaration, ¶13. <u>See also</u>, <u>International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation</u>, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

4. **Defendants owe liquidated damages in the amount of $25,109.39**

ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. Article VI, Sec. 4 of the Pension Fund's Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. The total amount of liquidated damages is $25,109.39. The amount of liquidated damages is greater than the interest due. Therefore, the amount of liquidated damages which Defendants owe is $25,109.39. See, Exhibit 1, Montemore Declaration, ¶12; 29 U.S.C. §1132(g)(2)(C).

5. **Defendants owe audit costs in the amount of $1,081.10**

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. An employer's liability to the Pension Fund is also based on information contained in the report. When a remittance report is not submitted or contains incorrect information, then a proper determination of eligibility and amounts due to the Pension Fund is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 581 (1985).

Article VI, Section 6 of the Agreement and Declaration of Trust of the Pension Fund provides for recovery of audit costs in the event that an audit of a signatory employer's payroll books and related records reveals a delinquency to the Pension Fund. On June 13, 2002, the Pension Fund completed an audit of the Company's payroll books and related records covering the period May 1, 1999 through April 30, 2002. This audit revealed a consistent pattern of

underpayments and non-payments of contributions to the Pension Fund. As a result, Company is responsible for the cost of the audit. The cost of the audit is $1,081.10. Montemore Declaration, ¶9.

      6.    **Defendants owe attorneys' fees in the amount of $39,772.55**

Plaintiff has incurred $39,772.55 ($7,512.79 from the defaulted settlement agreement, $10,844.52 from local counsel's efforts to collect on the previous judgment and facilitation of the foreclosure and sale of the property (paid by the Pension Fund) and $21,415.24 from collection on the judgment post default and the current litigation) in attorneys' fees and costs in connection with this matter through January 2, 2007. See, Exhibit 1, Montemore Declaration, ¶8; Exhibit 6, Cprek Declaration, ¶¶3-5; Exhibits 7-8. See, 29 U.S.C. §1132(g)(2). The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. See, International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

      7.    **The Pension Fund is entitled to injunctive relief**

The failure of Defendants to comply with their contractual and statutory obligations results in a substantial adverse impact on the Pension Fund's ability to meet its legal obligations. The Pension Fund is obligated by express mandates of ERISA and by the documents and instruments by which it is administered to provide benefits and pension credits to all of Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b-2(a)(1)

and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub. nom., Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Co., Inc., 642 F.2d 1122 (8th Cir. 1981). The Pension Fund is required to provide these benefits and credits regardless of whether Defendants make the contributions. For example, if employees perform work covered by the collective bargaining agreement, the Pension Fund has affirmative obligations to credit hours for retirement benefits regardless of whether a signatory employer makes contributions to the Pension Fund. The result of Company's non-compliance with ERISA and the Labor Contract is a significant drain on the Pension Fund's resources.

Additionally, where, as here, Defendants fail to remit their contributions, the Pension Fund loses the income that it would have earned by investing those contributions. Combining this loss of investment income with the Pension Fund's requirement to continue paying benefits to Company's employees (as well as to the employees of other signatory contractors) will eventually affect the actuarial soundness of the Pension Fund as well as deplete the resources available to pay current pension benefits.

Furthermore, the Pension Fund incurs additional administrative expenses as a result of Defendants' failure to pay their contributions. These losses and added expenses significantly impair the Pension Fund's ability to continue to provide benefits to not only Company's employees, but also to employees of companies that comply with their contractual obligations.

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month, and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default

judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co., 640 F.Supp. 223 (D.D.C. 1986).

      **B.    COMPANY SHOULD BE ORDERED TO PRODUCE THE APPROPRIATE RECORDS TO ALLOW THE PENSION FUND TO AUDIT ITS PAYROLL BOOKS AND RELATED RECORDS AND DEFFENDANTS MUST PAY ANY ADDITIONAL AMOUNTS FOUND TO BE DUE AND OWING**

The determination of an employee's eligibility for benefits is made based upon information contained in the remittance report, to be filed monthly by each and every signatory employer. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information. See, 29 U.S.C. §1132(g)(2)(E) (equitable relief); Teamsters Local 639 – Employers Trust v. Jones & Artis Construction Co., 640 F. Supp.223 (D.D.C. 1986); IBPAT Union and Industry Pension Fund v. Hartline – Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Laborers' Fringe Benefit Pension Fund v. Northwest Concrete, 640 F. 2d 1350, 1352 (6th Cir. 1981).

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employees, the Pension Fund has the right to review all of the employer's records that relate to its contributory obligation. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Pension Fund's auditors to review those records upon request. Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994).

In the present case, the Labor Contract and Trust Agreement obligate Defendants to allow the audit. See Exhibit 1, Montemore Declaration, ¶¶6-7, 14-15; Exhibit 2, Labor Contract, Art. Labor Contract, at Art. XVIII Sec. 3; Complaint, Exhibit 1, Art. VI, Sec. 6. The scope of records subject to review is broad, and include those records the auditors reasonably deem necessary to conduct an audit. DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989). See Exhibit 1, Montemore Declaration, ¶¶14-15. In addition to the routine payroll records (e.g., time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns. Ibid.

An audit is necessary in this case in order to determine the exact amount due to the Pension Fund because of Defendants' failure to submit contractually-required remittance reports and furthermore, to ensure that the remittance reports submitted by Defendants are correct. See Exhibit 1, Montemore Declaration, at ¶¶6-7, 14-15. The Company's obligations under the Agreement and 29 U.S.C. § 1145 mean nothing if the Pension Fund cannot ensure compliance through an audit. The Court should order Company to produce its records for an audit for all periods in which the Defendants are obligated to make contributions to the Pension Fund so that a precise determination of the amount owed can be made. Upon completion of the audit, the Court should enter a further judgment against Defendants for all additional amounts found to be due and owing under the Agreement and ERISA.

## CONCLUSION

Plaintiff, therefore, requests that the Court enter a judgment against Defendants, jointly and severally, in the amount of $84,820.63, which includes $39,772.55 in attorneys' fees and costs, order Defendants to submit the remittance reports and corresponding contributions

together with interest and liquidated damages, late fees, returned check fees, audit costs and order Company to produce its payroll books and related records for an audit for all periods in which the Company is obligated to make fringe benefit contributions to the Pension Fund.

In light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Pension Fund the relief requested in the Motion for Default Judgment.

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.

    BY:  s/ Kent Cprek
        KENT CPREK
        Bar No. 478231
        SANFORD G. ROSENTHAL
        Bar No. 478737
        The Penn Mutual Towers, 16th Floor
        510 Walnut Street, Independence Square
        Philadelphia, PA 19106-3683
        (215) 351-0615/0669
        Attorneys for the Fund

Date: January 2, 2007
OF COUNSEL:
Jessica L. Tortella
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) ) | NO.: 1:06 -01518 (PLF) |
| KEITH RULE, INC, *et al.* | ) ) | |
| Defendants | ) | |

## ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANTS

Upon consideration of the Complaint and Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum, declarations and attached Exhibits, it appears to the Court that Defendants were served with process and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendants having been entered, the Court **FINDS:**

A.   Defendants, Keith Rule, Inc. a/k/a Keith Rule, Incorporated a/k/a Rule Painting & Decorating ("Company"), an unincorporated entity, and Greg Rule ("Individual Defendant" and together with Company, "Defendants") are bound to a collective bargaining agreement requiring it to remit fringe benefit contributions and other sums to Plaintiff.

B.   Defendants have failed to remit to Plaintiff the fringe benefit contributions and other sums required by the collective bargaining agreement.

C.   Individual Defendant guaranteed all amounts due to the Plaintiff by the Company and since Company is an unincorporated entity; he is personally liable for all amounts due to Plaintiff.

177884_1.DOC

Consistent with these findings, it is **ORDERED**:

1. Plaintiff's Motion is Granted.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. §1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendants, jointly and severally, in the amount of $84,820.63, which consists of the following:

   (a) Unpaid contributions in the amount of $8,332.60, due for the period July 2006 through October 2006;

   (b) Liquidated damages in the amount of $25,109.39;

   (c) Interest through December 1, 2006 in the amount of $9,935.83. The contribution amount in Paragraph 2(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

   (d) Audit Costs in the amount of $1,081.10;

   (e) Late Fees in the amount of $514.16 and Returned Check Fees in the amount of $75.00; and

   (e) $39,772.55, representing the attorneys' fees and costs incurred in the collection and enforcement of this action through January 2, 2007, in accordance with 29 U.S.C. §1132(g)(2)(D).

3. Defendants, their owners, officers, agents, servants, attorneys and all other persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with the

accompanying contributions and dues for all periods Defendants are obligated to do so under the collective bargaining agreement(s);

4. Within ten (10) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the period July 2006 through October 2006, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

5. Within twenty (20) days of a request by Plaintiff or its counsel, Company shall make available to the designated representative of the Plaintiff all payroll books and related records necessary for Plaintiff to ascertain the precise amount of any delinquent contributions due and owing to Plaintiff for all periods in which Company is obligated to make fringe benefit contributions to the Plaintiff and Defendants shall bear the costs of said audit.

6. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Company shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and by other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendants shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

7. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. §1132(g)(2) together with any audit costs incurred by the Plaintiff.

8. If any such further action by the Plaintiff is required, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

9. If Defendants fail to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

BY THE COURT

Date:_____    By:_____
                                      Paul L. Friedman,        J.
                                      United Stated District Judge